## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

JAMES R. LOVINGOOD and
GAIL E. LODER, on behalf of themselves
and all others similarly situated,

                                                   CASE NO.: `1:12-cv-4369-ODE`

             Plaintiffs,

v.

MI WINDOWS AND DOORS, INC.,

             Defendant.
_____/

## CLASS ACTION COMPLAINT

Plaintiffs, James R. Lovingood and Gail E. Loder (collectively, "Plaintiffs"), by and through the undersigned counsel, bring this action on their own behalf and on behalf of a Class of persons defined herein against Defendant MI Windows and Doors, Inc. ("MIWD" or "Defendant") and for their Complaint allege, upon information and belief and based on the investigation to date of their counsel, as follows:

## NATURE OF CASE

1.     This is a product liability class action asserting claims for strict liability and breach of express warranty and seeking damages and declaratory relief

in connection with defective windows designed, manufactured, marketed, advertised, and sold by MIWD.

2.    MIWD designed, manufactured, warranted and sold its 8500/4300/3500 vinyl windows (the "Windows") to the builders of Plaintiffs' homes, Class members and the builders of the Class's homes.  In conjunction with each sale, MIWD warranted that the Windows were fit for the ordinary purpose for which such goods were to be used and were free from defects in materials and workmanship.

3.    MIWD also warranted that the Windows were constructed in conformance with all applicable American Architectural Manufactures Association ("AAMA") standards and all applicable American Society for Testing and Materials ("ASTM") standards.  Indeed, on labels in each of its Windows, MIWD specifically warranted and represented that the Windows conformed to and were designed and/or manufactured to withstand certain design-rated pressures in accordance with AAMA and/or ASTM.  However, as discussed herein, the Windows do not conform to MIWD's express representations and warranties.

4.    At the time of sale, the Windows were not merchantable and not reasonably suited to the use intended based on their defective design and manufacture by MIWD.

–2–

5.    At the time of sale, the Windows contained defects that result in loss of seal allowing water to enter the inside of the Window and leak into the structures owned by Plaintiffs and the Class members. The defect reduces the effectiveness and performance of the Windows and renders the Windows unsuitable for the purposes for which they were sold and warranted. Further, the Windows do not conform to the applicable standards.

6.    As a result of the defects in the Windows, Plaintiffs and the members of the Class have suffered damages by purchasing Windows (or structures containing the Windows) that they would not otherwise have purchased had they known of the defects. Further, the value of their homes has been diminished by the defective Windows, the defective Windows have caused damage to other property within their homes and, in some instances, they have been forced to pay for installation of replacement windows by MIWD, which replacements are also defective.

## JURISDICTION AND VENUE

7.    This Court has jurisdiction over the subject matter of this action pursuant to 28 U.S.C. § 1332(d)(2) (diversity jurisdiction) and the Class Action Fairness Act, in that (i) there is complete diversity (Plaintiffs are citizens of Georgia and Defendant is domiciled and incorporated in California and otherwise

maintains its principal place of business in Florida), (ii) the amount in controversy exceeds $5,000,000.00 (Five Million Dollars) exclusive of interests and costs, and (iii) there are 100 or more members of the proposed Class.

8.    Venue lies in this District, pursuant to 28 U.S.C. § 1391, because Plaintiffs reside in this Judicial District, and a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this Judicial District.   In addition, MIWD does business and/or transacts business in this Judicial District, and therefore, is subject to personal jurisdiction in this Judicial District and resides here for venue purposes.

## THE PARTIES

9.    Plaintiff James R. Lovingood ("Lovingood") is and was, at all relevant times hereto, a resident and citizen of the State of Georgia.  Specifically, Lovingood purchased and currently owns a home at 285 Koller Drive, Powder Springs, Georgia.   Lovingood's home contains the 8500 Series of Windows manufactured by MIWD. These Windows suffered a loss of seal, began to exhibit mineral deposits and mold, causing a breakdown in the structural integrity of the Windows and seal which allowed water to leak into Plaintiff's home, causing damage to other property within the home.  Lovingood submitted warranty claims to MIWD, advising of the defective windows.  MIWD responded to Lovingood's

–4–

warranty claims, but the Windows MIWD provided as replacements have exhibited the same defect which has resulted in further water leaks and mold growth. Accordingly, MIWD's warranty has failed of its essential purpose. In addition, the Windows do not conform to the AAMA standards and/or the ASTM standards as expressly represented and warranted by MIWD. Accordingly, Lovingood must replace his defective Windows at significant cost to him.

10.    Plaintiff Gail E. Loder ("Loder") is and was, at all relevant times hereto, a resident and citizen of the State of Georgia.  Specifically, Loder owns a home at 6112 Tree Line Way, Hoschton, Georgia.  Loder's home contains the 4300 Series of Windows manufactured by Defendant. These Windows suffered a loss of seal, began to exhibit mineral deposits and mold, causing a breakdown in the structural integrity of the Windows and seal which allowed water to leak into Loder's home, causing damage to other property within the home.  Loder submitted a warranty claim to MIWD, advising of the defective windows.  MIWD, however, has failed to adequately respond to her warranty claim because she is not the first purchaser of her home. In addition, the Windows do not conform to the applicable AAMA standards and/or the ASTM standards as expressly represented and warranted by MIWD.  Accordingly, Loder must replace her defective Windows at significant cost.

–5–

11.    Defendant MIWD is a California corporation with its principal place of business located at 861 N. Hercules Avenue, Clearwater, Florida 33765.  MIWD is one of the largest manufacturers of vinyl, aluminum and cellular windows and doors in the country.  MIWD designed, tested, manufactured, marketed, advertised, warranted and/or sold the Windows in Georgia and throughout the United States.

## CLASS ACTION ALLEGATIONS

12.    Plaintiffs bring this class action pursuant to Fed. R. Civ. P. 23 on behalf of themselves and the following classes (collectively the "Classes") defined as follows:

**DAMAGES CLASS:**

**All natural persons that own structures located within the State of Georgia in which MIWD's vinyl windows from the 3500, 4300, and 8500 family lines are or were installed (including those whose Windows have been replaced by MIWD with additional defective Windows from the same lines), but who have not already been compensated in full for their losses by MIWD.**

**DECLARATORY RELIEF CLASS:**

**All natural persons that own a structure located within the State of Georgia in which MIWD's vinyl windows from the 3500, 4300 and 8500 family lines are currently installed, but who have not already been compensated in full for their losses by MIWD.**

–6–

Excluded from the Classes are: (a) any Judge or Magistrate presiding over this action and members of their families; (b) MIWD and any entity in which MIWD has a controlling interest or which has a controlling interest in MIWD and its legal representatives, assigns and successors of MIWD; and (c) all persons who properly execute and file a timely request for exclusion from the Classes.

13.     *Numerosity*: The Classes are composed of thousands of persons geographically dispersed throughout the state of Georgia, the joinder of whom in one action is impractical.  Moreover, upon information and belief, the Classes are ascertainable and identifiable from MIWD records or identifying marks on the Windows.

14.     *Commonality*:        Questions of law and fact common to the Classes exist as to all members of the Classes and predominate over any questions affecting only individual members of the Classes.  These common legal and factual issues include, but are not limited to the following:

    a.  Whether the Windows are defective;

    b.  Whether the Windows when sold were not merchantable and reasonably suited to the use intended;

    c.  Whether MIWD violated its statutory duty of care as set forth by

–7–

O.C.G.A. § 51-1-11;

d.  Whether MIWD breached its express warranty that its products would be free from defects in materials and workmanship;

e.  Whether MIWD's replacement Windows also contain the same defect;

f.  Whether, pursuant to O.C.G.A. § 11-2-313, MIWD made express warranties to Plaintiffs and the Class by certifying that the Windows complied with applicable AAMA standards and/or applicable ASTM standards;

g.  Whether MIWD knew or became aware that its Windows were defective, yet continued to manufacture, distribute and sell the Windows without: (1) informing customers, purchasers, builders and/or homeowners of the defects; (2) recalling the defective Windows; (3) otherwise repairing the defective Windows that had already been purchased; and, instead engaged in a practice of concealment, suppression or omission of the material defects;

h.  Whether MIWD's expertise and superiority gave rise to a duty to disclose the material facts which were concealed;

i.  Whether MIWD negligently designed or manufactured the Windows;

j.  Whether the latent defect in the Windows is a necessary cause of the water leaks and resulting other property damage;

k.  Whether the defective Windows caused the damages to Plaintiffs and other members of the Class;

l.  Whether MIWD concealed the defective nature of the Windows from Plaintiffs, Plaintiffs' builders, Class Members, Class Members Builders and/or the general public;

m.  Whether Plaintiffs and Class members are entitled to compensatory damages, including, but not limited to: (i) the cost of purchasing and installing replacement windows; (ii) compensation for all out-of-pocket monies expended in seeking and/or obtaining replacement windows from MIWD; (iii) the difference in the value of the Windows as warranted and the Windows containing the defect; (iv) the cost of repair/replacement of Class members' other property damaged as a result of the defective Windows; and (v) the diminution of resale value of the structures containing the Windows resulting from the defect.

n.  Whether Plaintiffs and the Declaratory Relief Class members are entitled to replacement of their defective Windows with non-defective

windows.

15. *Typicality*:  Plaintiffs' claims are typical of the claims of the members of the Class, as all such claims arise out of MIWD's conduct in designing, manufacturing, warranting and selling the defective Windows and Plaintiffs' and Class Members' purchasing homes with the defective Windows.

16. *Adequate Representation*: Plaintiffs will fairly and adequately protect the interests of the members of the Class and have no interests antagonistic to those of the Class.  Plaintiffs have retained counsel experienced in the prosecution of complex class actions, including consumer class actions involving product liability and product design defects.

17. *Predominance and Superiority*:  This class action is appropriate for certification because questions of law and fact common to the members of the Class predominate over questions affecting only individual members, and a class action is superior to other available methods for the fair and efficient adjudication of this controversy, since individual joinder of all members of the Class is impracticable.   Should individual Class Members be required to bring separate actions, this Court and courts throughout Georgia would be confronted with a multiplicity of lawsuits burdening the court system while also creating the risk of inconsistent rulings and contradictory judgments.  In contrast to proceeding on a

–10–

case-by-case basis, in which inconsistent results will magnify the delay and expense to all parties and the court system, this class action presents far fewer management difficulties while providing unitary adjudication, economies of scale and comprehensive supervision by a single Court.

## COMMON FACTUAL ALLEGATIONS

18.    Upon information and belief, MIWD has sold, directly or indirectly (through dealers and other retail outlets), thousands of Windows nationwide and in the State of Georgia.

19.    MIWD warranted that each Window was fit for the ordinary purpose for which such goods were used and was free from defects in materials and workmanship.

20.    In addition, MIWD represented and warranted that each Window conformed to the applicable AAMA standards and/or ASTM standards.

21.    These representations, described herein, became part of the basis of the bargain when Plaintiffs, Plaintiffs' Builders, Class Members and/or Class Members' builders purchased the Windows or homes constructed with the Windows.

22.    However, the Windows do not conform to these express representations and warranties, and, as alleged herein, MIWD breached its express

warranties and representations concerning these Windows.

23.    The Windows are defective and fail to perform both at the Plaintiffs' residences and at Class members' residences by permitting leakage resulting in the formation of mineral deposits, algae, and microbial growth at the location of the leaks, and consequential damages to property other than the Windows, including, without limitation, the adjoining finishes and walls of the residences.

24.    The Windows are defective as designed and fail to perform both at the Plaintiffs' residences and at Class members' residences in that the Windows rely upon foam tape between the glass and the vinyl to prevent the intrusion of water. However, Defendant fails to install the foam tape in sufficient compression as required or recommended by the sealant tape manufacturer, which results in premature foam tape performance failure.

25.    The Windows are defective as designed and fail to perform both at the Plaintiffs' residences and at Class members' residences in that the Windows rely upon other sealant materials in or over sill joints to prevent the intrusion of water. However, the resulting joints are incapable of preventing water intrusion over the long term.

26.    The Windows are defective as designed and fail to perform both at the Plaintiffs' residences and at Class members' residences in that the weep system is

unable to effectively discharge the water which gets into the Windows resulting in water penetration to the interior of the residences, damaging adjoining finishes, walls and floors.

27.    MIWD does not test the long-term performance of the Windows and does not adequately test or check the performance of the Window components. Or, if they do test the long-term performance of the Windows, MIWD conceals this information from all purchasers and homeowners.

28.    Operation of the Windows during normal use accelerates the failure of the Windows.

29.    Because the Windows permit water intrusion, they violate applicable industry standards, including without limitation, AAMA standards and ASTM standards.

30.    The Windows also violate the statutory duty of care as set forth by O.C.G.A. § 51-1-11 and do not conform to MIWD's express representations pursuant to O.C.G.A. § 11-2-313.

31.    The defects and deficiencies set forth herein exist at the time the Windows leave the factory. Failure may occur immediately upon installation or may occur after repeated pressure is applied to the product during storms, thermal cycles or usage.

32.    The defects and deficiencies are due to fundamental design, engineering, and manufacturing errors well within MIWD's area of expertise.

33.    MIWD knew or should have known that the defects were present at the time the products lefts it control, not only because of its expertise and testing, but also because of the notices and reports of defects it was receiving from the field.

34.    Upon information and belief, MIWD ships a Limited Lifetime Warranty with its Windows.  However, despite being assigned all manufacturer's warranties with the purchase of the home from the builder, the homeowners generally do not receive the Limited Lifetime Warranty and are not on notice of its limitations.

35.    However, even when Class members submit warranty claims, MIWD fails to adequately respond to the warranty request, or MIWD provides replacement Windows that contain the identical defect and do not conform to the express representations and warranties contained on the Windows.

36.    In addition, despite making specific representations regarding the applicable standards to which the Windows comply once installed in a home, MIWD asserts that its express representations do not extend to subsequent purchasers.  However, MIWD's position is unconcscionable because MIWD

–14–

knows that homes are regularly sold and that subsequent purchasers expect the Windows to be free from defects and to conform to all applicable standards. Further, the labels attached to the Windows, pursuant to O.C.G.A. § 11-2-313, constitute express representations and warranties regarding the alleged quality of the Windows.

37.     MIWD's continued sale of the Windows with prior knowledge of the defects or with negligent or reckless disregard of the presence of defects constituted a breach of its express warranty, makes the limitations of the express warranty (described below) unconscionable in all respects, and therefore void *ab initio*.

38.     There are multiple versions of MIWD's warranties which MIWD asserts applies to Windows purchased at different, yet MIWD only publishes one version of the warranty on its website. Therefore, Plaintiffs and Class Members do not always know which Warranty applies.

39.     The following are limitations which various forms of MIWD's written warranty include:

a)      MIWD purports to limit its responsibility to providing a replacement window;

b)      the warranty excludes the labor and other costs associated with

removing the defective window from the structure and shipping it to MIWD;

c)      the warranty requires the homeowner to remove and ship the window to MIWD prior to MIWD's making a determination as to whether it is a warrantable defect;

d)      the warranty excludes the labor and installation associated with installing the replacement window;

e)      the warranty typically only applies to the initial purchaser;

f)      the warranty excludes non-resident owners;

g)      the warranty may only be enforced by the "original consumer purchaser" unless the home is transferred within the first five years;

h)      the warranty purports to exclude consequential damages and loss of use;

i)      the warranty purports to disclaim implied warranties despite such disclaimer not being conspicuous; and

j)      the warranty does not include a reference to the applicable AAMA standards and/or ASTM standards.

40.      The above-described limitations on the express warranty are unconscionable under all circumstances and are therefore unenforceable.

41.    The Warranty is not a negotiated contract and is so one-sided that no reasonable person would ever knowingly agree to its terms if properly disclosed.

42.    Furthermore, MIWD has engaged in a pattern and practice of failing to honor or discouraging Warranty claims.

43.    One such method of thwarting Warranty claims is a pattern and practice of MIWD's refusing to address the Class member's defects unless the Class member first agrees to pay a monetary fee if their claim is denied.

44.    The above-described pattern and practice by MIWD has the effect of discouraging defect claims by Class members.

45.    On the occasions that MIWD acts on the Class members' reports of non-performance, MIWD engages in a pattern and practice of applying a temporary fix to the product, denying the defect, and billing the Class member (or his or her builder or supplier) for the denied claim.

46.    Moreover, during contact with the Class members, MIWD conceals its knowledge of repeated product defects in the Windows in the Class members' residences.

47.    As MIWD has known of its Window defects and has failed to timely honor its Warranty, the Warranty has failed of its essential purpose and the limitations therein are null and void.

48.     Further, MIWD has known it has a statutory duty of care as set forth by O.C.G.A. § 51-1-11.

49.     Despite knowing of this defect, MIWD has not notified all purchasers of the MIWD Windows of the defect or provided uniform relief.

50.     Plaintiffs and Class Members have not received the value for which they or their builders bargained when they purchased the Windows.  There is a difference in value between the Windows as warranted and the Windows containing the defect coupled with an ineffective Warranty.

51.     The value of structures containing the Windows has diminished as a result of the defect.

52.     All conditions precedent for filing this Complaint have been satisfied.

### ESTOPPEL FROM PLEADING STATUTES OF REPOSE AND TOLLING OF APPLICABLE STATUTES OF LIMITATION

53.     Defendant is estopped from relying on any statutes of repose or limitation by virtue of its acts of fraudulently concealing or failing to disclose the material facts concerning the Windows discussed herein.   In addition, such misconduct also operates to toll the running of any applicable statute of limitation until Plaintiffs' discovery of such misconduct.   Upon information and belief, Defendant has known of the defect in the Windows for years and has concealed

–18–

from owners of the Windows and/or failed to alert the owners (including Plaintiffs) of the defective nature of the Windows.

54.    Given Defendant's concealment, omission or failure to disclose this known but non-public information about the defective nature of the Windows – information over which it had exclusive control – and because Plaintiffs and Class Members therefore could not reasonably have known that the Windows were defective, Defendant is estopped from relying on any statutes of limitations or repose that might otherwise be applicable to the claims asserted herein.

## COUNT I
## STRICT PRODUCT LIABILITY

55.    Plaintiffs individually and on behalf of all others similarly situated, adopt and incorporate by reference all allegations contained in paragraphs 1 through 54 as though fully set forth herein.

56.    MIWD has a statutory duty of care as set forth by O.C.G.A. § 51-1-11.

57.    MIWD breached its statutory duties by designing and manufacturing Windows that are defective and permit water to leak into the homes as well as permitting mold growth and mineral deposits that contaminate the habitable space.

58.    MIWD also breached its statutory duties by designing and/or

manufacturing Windows that do not conform to applicable standards.

59.    As a result of these defects, the Windows when sold were not merchantable and reasonably suited to the use intended.

60.    MIWD's breach of its statutory duties was the actual and proximate cause of Plaintiffs' damages.

61.    As a direct and proximate result of MIWD's breach of its statutory duties, Plaintiffs and Class Members collectively suffered damages in an amount to be proven at trial, but said damages are well in excess of $75,000.00.

## COUNT II
## BREACH OF EXPRESS WARRANTY

62.    Plaintiffs individually and on behalf of all others similarly situated, adopt and incorporate by reference all allegations contained in paragraphs 1 through 61 as though fully set forth herein.

63.    MIWD entered into contracts with retailers, suppliers and/or contractors to sell its Windows that was to be installed at Plaintiffs' and the Class members' properties.

64.    Plaintiffs and the Class members are within the scope of the parties expected to rely upon and be covered by MIWD's Limited Lifetime Warranty and

MIWD's express representations as evidenced by the labels which are attached to the Windows.

65.    MIWD expressly represented and warranted that the Windows were appropriate for their intended use and were free from defects in materials and workmanship.

66.    MIWD expressly represented that its warranties extended to the initial homeowner whose home contains the Windows.

67.    MIWD also expressly represented that the Windows conform to all applicable AAMA standards and/or ASTM standards.

68.    These representations, described herein, became part of the basis of the bargain when Plaintiffs, Plaintiffs' Builders, Class Members and/or Class Members' builders purchased the Windows and/or purchased the homes containing the Windows.

69.    In addition, these representations became part of the basis of the bargain when Plaintiffs and/or Class Members purchased the homes with MIWD's express representations concerning the standards to which the Windows conformed because (i) the labels were on the Windows at the time of purchase, and (ii) the warranties had been assigned to Plaintiffs.

70.    MIWD breached the express warranty by selling its Windows that were defective in materials and workmanship and not reasonably fit for their ordinary and intended purpose. Further, the Windows did not conform to the express representations contained on the labels on the Windows.

71.    Plaintiff Lovingood filed warranty claims with MIWD, but MIWD provided Lovingood with additional Windows which are defective and do not conform to the Warranty and all applicable standards discussed herein.

72.    MIWD's Windows are defective because they cause and continue to cause damage as described more fully herein.

73.    Plaintiff Loder has made a warranty claim with MIWD.

74.    Despite its express representations regarding the standards the Windows conform to, MIWD has asserted that, since Loder is not the first purchaser of her home, the express warranty does not extend to her. Accordingly, MIWD's warranty fails of its essential purpose and/or is unconscionable.

75.    In addition, the Windows do not conform to all applicable standards as expressly warranted and represented by MIWD pursuant O.C.G.A. § 11-2-313.

76.    As a result of MIWD's breach of its express warranty and representations, Plaintiffs and the Class members have suffered and continue to suffer actual and consequential damages.

–22–

## COUNT III
## DECLARATORY RELIEF

77.    Plaintiffs individually and on behalf of all others similarly situated, adopt and incorporate by reference all allegations contained in paragraphs 1 through 76 as though fully set forth herein.

78.    There is an actual controversy between MIWD and the Class Members concerning the limitations on MIWD's Warranty and the defective design and/or manufacture or MIWD's Windows. MIWD has acted or refuses to act on grounds that apply generally to the Declaratory Relief Class, so that final injunctive relief or corresponding declaratory relief is appropriate respecting the Class as a whole within the meaning of Fed. R. Civ. P. 23(b)(2).

79.    Pursuant to 28 U.S.C. § 2201, this Court may "declare the rights and legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought."

80.    MIWD has wrongfully denied Warranty claims, improperly asserting such claims are not available to subsequent purchasers of the homes and/or because that the water leaks and problems are due to inadequate installation of the Windows, when, in fact, the cause of the leaks is the defective design and/or manufacture of the Windows.

81.    Accordingly, Plaintiffs seek a declaration that:

a.    the Windows have defects which include and result in inadequate weep systems, a premature failure of the seal, and lack or loss of sealant at joints permitting water intrusion into the interior of structures on which the Windows are attached;

b.    certain provisions of MIWD's Warranty are void as unconscionable because it does not provide warranty or replacement services for all of its Windows which are defective;

c.    certain provisions of MIWD's warranty are void as unconscionable because the Windows do not conform to the representations or warranties as represented in the Windows themselves;

d.    MIWD must notify owners of the defects;

e.    the limitation of the Warranty to only the first purchaser is removed;

f.    MIWD will reassess all prior Warranty claims and pay the full cost of repairs and damages; and

g.    MIWD will pay the cost of inspection to determine whether any Class member's windows need replacement.

–24–

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiffs James R. Lovingood and Gail E. Loder, individually and on behalf of all others similarly situated, pray for a judgment against Defendant as follows:

a.    For an order certifying the Classes, pursuant to Fed. R. Civ. P. Rule 23, appointing Plaintiffs as representative of the Classes, and appointing the law firms representing Plaintiffs as counsel for the Classes;

b.    For compensatory damages sustained by Plaintiffs and the Class;

c.    For equitable and/or injunctive relief pursuant to the request for Declaratory Relief;

d.    For payment of costs of suit herein incurred;

e.    For both pre-judgment and post-judgment interest on any amounts awarded;

f.    For payment of reasonable attorneys' fees and expert fees as may be allowable under applicable law; and

g.    For such other and further relief as the Court may deem just and proper.

## JURY DEMAND

Plaintiffs individually and on behalf of the Plaintiff Class Members, hereby demand a trial by jury as to all issues so triable.

This 19th day of December, 2012.

s/ Joseph Coomes, Esq.
Georgia Bar No. 184999
*Attorney for Plaintiffs*
McConnell, Sneed & Cohen, LLC
990 Hammond Drive, Suite 840
Atlanta, Georgia 30328
Tel: (404) 220-9994
Email: jcoomes@msclaw.net

Jordan L. Chaikin, Esq.
Parker Waichman, LLP
3301 Bonita Beach Road, Suite 101
Bonita Springs, FL 34134
Tel: (239) 390-1000
Email: jchaikin@yourlawyer.com

Daniel K. Bryson, Esq.
Scott Harris, Esq.
Whitfield Bryson & Mason, LLP
900 W. Morgan Street
Raleigh, NC 27603
Tel: (919) 600-5003
Email: dan@wbmllp.com

Justin Lucey, Esq.
Harper Todd, Esq.
Justin O'Toole Lucey, P.A.
415 Mill Street
Post Office Box 806
Mount Pleasant, SC 29465-0806

Tel: (843) 849-8400
Email: jlucey@lucey-law.com

*Attorneys for Plaintiffs*